LESTER H. BABNEW and ALMA E. BABNEW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Babnew v. Commissioner
Docket No. 17318-80.
United States Tax Court
T.C. Memo 1983-213; 1983 Tax Ct. Memo LEXIS 575; 45 T.C.M. (CCH) 1356; T.C.M. (RIA) 83213; April 19, 1983. Lester H. Babnew, pro se. Terence D. Woolston, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $1,254 in petitioners' 1977 Federal *576 income tax. The only issue is whether petitioners must recapture a new principal residence tax credit claimed as the result of their purchase of a home in 1975. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners, Lester H. Babnew and Alma E. Babnew, resided in Nogales, Ariz., at the time they filed their petition herein. On April 4, 1975, petitioners purchased a "new" home in Nogales, Ariz., which qualified for a new residence credit of $1,254 under section 44(a). [1] On June 25, 1976, petitioners sold this home and on October 28, 1976, petitioners purchased a replacement home that had been previously owned and occupied. The replacement home was located in a school district that offered a special education program for petitioners' learning disabled son and, for this reason, petitioners changed residences. In his notice of deficiency, respondent determined petitioners must recapture in 1977 the entire $1,254 credit claimed in 1975. OPINION Generally, section 44(d) requires that the new principal residence *577 credit be recaptured if the taxpayer disposes of the property within 36 months of the date it was acquired. However, no recapture is required if the disposition is pursuant to an involuntary conversion within the meaning of section 1033(a). Sec. 44(d)(3)(B). [2] The Babnews argue the special education needs of their son forced them to change residences and they are, therefore, excused from the recapture provisions. Unfortunately for the Babnews, the law is to the contrary. Generally, property is compulsorily or involuntarily converted when the disposition is the result of its destruction, theft, seizure, acquisition, condemnation, or threat or imminence thereof. See sec. 1033(a). The availability of special education in a new school district for a learning handicapped child is simply not the type of involuntary conversion which excuses recapture. [3]
*578 We are certainly aware of and sensitive to petitioners' position. However, the statute is clear, and we are in no position to offer relief. Accordingly, petitioners must recapture in 1977 the $1,254 new residence credit they claimed in 1975. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. There is no question petitioners' replacement home was a "used" home. Thus, petitioners cannot avoid recapture under sec. 44(d)(2) which provides an exception for a taxpayer who purchases a qualifying new principal residence within 18 months of the date he acquired the original new principal residence.↩
3. See Lonergan v. Commissioner,T.C. Memo. 1982-346↩, where a change of employment did not constitute such an involuntary conversion.